■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MCPHERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered July 26, 1989, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

A group of Suffolk County police officers, one of whom was armed with a shotgun and another of whom was armed with an assault rifle, entered the Sweet Ebony Bar in Wyandanch, ostensively to conduct an inspection for the State Liquor Authority pursuant to the Alcoholic Beverage Control Law § 106 (15). Immediately upon entering the bar, the police

officers ordered the patrons to place their hands on the bar. The defendant ignored the order, and instead placed his hand inside his jacket. A police officer, observing a bulge in the defendant's jacket, grabbed him by his jacket lapels. The jacket opened, revealing the handle of a gun in the pocket. The defendant was arrested and charged with criminal possession of a weapon in the third degree. Upon the denial of that branch of his motion which was to suppress the weapon on the ground of illegal police conduct, the defendant pleaded guilty.

For constitutional purposes, an individual is seized when there is a significant interruption of his liberty of movement *(People v Cantor,* 36 NY2d 106). Contrary to the hearing court's determination, we find that the police directive to the defendant to place his hands on the bar under these circumstances amounted to a forcible seizure which required as a predicate a reasonable suspicion that the defendant had committed or was about to commit a crime *(see, People v De Bour,* 40 NY2d 210, 223). The police officers who testified at the hearing concededly were unaware of any specific complaints of criminal activity when they entered the bar and immediately ordered the patrons to place their hands on the bar.

Even if this police activity could be characterized as a minimal interference with the defendant's liberty, rather than a forcible seizure, predicated on the officers' common-law right to inquire, this interference would be permissible only if the officers had "a founded suspicion that criminal activity [was] afoot" *(People v De Bour, supra,* at 223). No such founded suspicion is evident from the hearing record. We conclude that the police conduct here was not justified at its inception and that it exceeded the scope of the asserted purpose of an inspection for violations of the Alcoholic Beverage Control Law *(see, People v Cantor, supra).* As the recovery of the weapon was the direct result of the unlawful police activity, it should have been suppressed *(see, People v Dickerson,* 153 AD2d 897). Thompson, J. P., Brown, Balletta and Miller, JJ., concur.